# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

PATRICK WALKER,             *

                                   *

v.                            *     CASE NO. 5:11-CV-495 (CAR)

                                   *

WARDEN STANLEY WILLIAMS,  *

 *et al.,*                  *

## ORDER

On December 16, 2011, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 1.)  In his Motion, Plaintiff seeks to compel the Georgia Department of Corrections to provide him with the "surgery" and put him "in a prison that have accommodation for my disability."   (Mot. for Prelim. Inj. 1.)

*Black's Law Dictionary* defines a preliminary injunction as:

> A temporary injunction issued before or during a trial to prevent an irreparable injury from occurring before the court has a chance to decide the case.  *Black's Law* 800 (8[th] ed. 2004).

In this circuit there is a four-factor test for granting a preliminary injunction.   In determining whether injunctive relief is warranted, the Eleventh Circuit Court of Appeals has held that the courts must consider:

> (1) whether there is a substantial likelihood that the party applying for preliminary relief will succeed later on the merits; (2) whether the applicant will suffer an irreparable injury absent preliminary relief; (3) whether the harm that the applicant will likely suffer outweighs any harm that its opponent will suffer as a result of an injunction; and (4) whether preliminary relief would disserve the public interest.

*Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1262-63 (11th Cir. 2004).   The Supreme Court has further held that "a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the **parties**." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added). The most essential element of the definition of a preliminary injunction, however, requires that the entities be **parties** to a pending lawsuit.

In this instance, Warden Stanley Williams nor Deputy Warden Wayne Johnson or Medical Administrator Taylor are parties to any case filed by the Plaintiff[1], and no action is presently pending against them.   There has been no complaint filed against Warden Williams, Deputy Warden Johnson, or Mr. Taylor nor, as is required for all civil actions in this court, has any filing fee been paid.   Accordingly, pursuant to the facts alleged, this Court does not have jurisdiction to order an injunction against these Defendants.   *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

Furthermore, the relief Plaintiff sought in his motion appears to have been provided.   The Court takes judicial notice that in his Notice of Change of Address (ECF No. 5), Plaintiff states that "when they got through with the 'hip' replacement they send me to [Georgia Diagnostic and Classification Prison]."   (*Id.*)   As such, it appears that Plaintiff's request for surgery and a transfer has been fulfilled.

---

[1] Plaintiff has filed 2 separate actions in the United States District Court for the Middle District of Georgia, but neither of those cases name the current defendants as parties.   *See Walker v. Danforth, et al.*, 7:11-cv-71 (HL) and *Walker v. Walker, et al.*, 5:11-cv-360.

WHEREFORE, for the reasons herein discussed, IT IS HEREBY ORDERED that the Motion for Preliminary Injunction be DENIED.

SO ORDERED this 20th day of January, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ls